UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
THEOFANIS PAPADOPOULOS, *et al.*,       )
                                                        )     No. C04-0102RSL
                        Plaintiffs,                )
        v.                                          )
                                                        )     ORDER GRANTING IN PART
FRED MEYER STORES, INC.,                )     PLAINTIFFS' MOTION FOR
                                                        )     SUMMARY JUDGMENT
                        Defendant.             )
_____)

       This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment." Dkt. # 33. Plaintiff Theofanis Papadopoulos tripped and fell while shopping at defendant's Everett store, sustaining injuries which required surgery, physical therapy, and other medical treatment. Plaintiffs allege that defendant was negligent insofar as it, through its employees, "failed to exercise reasonable care to protect plaintiff against danger by failing to repair, remedy, or warn him of the dangerous condition created by the ridge and depression" in the floor tile. Motion at 4-5. Plaintiffs seek a summary determination that defendant was negligent and that plaintiff was in no way comparatively negligent in connection with his fall.

       Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion,

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

1  and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and
2  admissions on file, together with the affidavits, if any,' which it believes demonstrate the
3  absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)
4  (quoting Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, it is entitled to
5  summary judgment if the non-moving party fails to designate "specific facts showing that there
6  is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324.  "The mere existence of a scintilla
7  of evidence in support of the non-moving party's position is not sufficient," however, and
8  factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the
9  consideration of a motion for summary judgment.  <u>Arpin v. Santa Clara Valley Transp. Agency</u>,
10 261 F.3d 912, 919 (9th Cir. 2001); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).
11 In other words, "summary judgment should be granted where the nonmoving party fails to offer
12 evidence from which a reasonable jury could return a verdict in its favor." <u>Triton Energy Corp.</u>
13 <u>v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995).

14        Having heard the arguments of counsel and taking the evidence presented in the
15 light most favorable to plaintiffs, the Court finds as follows:

16    (1) Defendant has moved to strike the declaration and report of Mary P. Hollins, a risk
17 management consultant hired by plaintiffs to evaluate defendant's conduct in this matter.
18 Pursuant to Fed. R. Ev. 702:

19-23
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

24
25 In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Supreme Court charged trial
26 judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT              -2-

from reaching the jury.  The gatekeeping function applies to all expert testimony, not just testimony based on science.  <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).  To be admissible, expert testimony must be both reliable and helpful.  The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions.  <u>Daubert</u>, 509 U.S. at 594-95.  In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation.  <u>Daubert</u>, 509 U.S. at 590.  The testimony must also be "helpful," such that a valid connection between the opinion offered and the issues of the case exists.  <u>Daubert</u>, 509 U.S. at 591-92.

In her expert report, Ms. Hollins makes factual findings ("Nothing in any of the materials reviewed indicated that Mr. Papadopoulos' actions or behavior was unacceptable or unexpected" Report at 7) and draws conclusions ("Fred Meyer Stores, Inc. failed to maintain aisle 11 of the Fred Meyer Store Loc 00095 in a safe condition" Report at 9).  No methodology is identified or applied and Ms. Hollins' "analysis" is the type of subjective, conclusory approach that is barred under <u>Daubert</u> because it cannot reasonably be assessed for reliability.  None of Ms. Hollins' opinions are based on scientific, technical, or specialized concepts: rather, they reflect her individual determinations regarding the reasonableness of the parties' conduct, a determination that the jury is well-suited to make on its own.  The Court has not considered the declaration and report of Ms. Hollins in ruling on plaintiffs' motion for summary judgment.

(2) The two page declaration of Renee M. Shurn has been considered in the context of plaintiff's motion for summary judgment.[1]  Ms. Shurn states that she is over the age of 18, that she was present at the Fred Meyer store at issue, and that she saw a man stumble and fall in the

---

[1] Affidavits offered in support of or opposition to a motion for summary judgment need not be notarized.  The Court has not considered the first or fourth pages of Dkt. # 37.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT            -3-

pet food aisle. Although there is a discrepancy in the date of the incident, there is other evidence in the record showing that Ms. Shurn was present on June 19, 2003. See Dep. Tr. of Kathrine Dubee at NTL1011 (Dkt. # 34). The declaration sets forth facts that would be admissible in evidence and shows that Ms. Shurn is competent to testify to those facts, as required by Fed. R. Civ. P. 56(e).[2]

(3) The legal duty owed by a landowner to a business invitee such as Mr. Papadopoulos is set forth in the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

See Iwai v. State of Wash., 129 Wn.2d 84, 93-94 (1996). There is conflicting testimony regarding the nature of the condition found in Aisle 11 on June 19, 2003. It is undisputed that there was an uneven area of tile in the vicinity of Mr. Papadopoulos' fall. Whether the uneven area gave rise to an unreasonable risk of harm to business invitees is disputed, however: defendant's employees failed to recognize the uneven area as a dangerous condition during regular inspections, no one had complained or remarked on the condition prior to plaintiff's accident, and the store director estimated the unevenness at less than 1/4" in height with a gentle slope and smooth edges. There are genuine issues of disputed fact regarding whether defendant

---

[2] Although the Court need not determine whether Ms. Shurn's declaration will be admissible at trial, it does not appear that these statements have "equivalent circumstantial guarantees of trustworthiness" as the "former testimony" described in Fed. R. Ev. 804(b)(1): defendant did not have an opportunity to develop the testimony through cross-examination.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT         -4-

should have realized that the uneven area involved an unreasonable risk of harm to business invitees, whether defendant took reasonable steps to protect invitees from the danger posed by the uneven area, and whether defendant's negligence was the proximate cause of Mr. Papadopoulos' injury.

(4) In response to plaintiffs' request for a summary determination that Mr. Papadopoulos was not negligent, defendant argues that plaintiff should have noticed the uneven area of flooring, that he should not have been pushing a shopping cart so soon after his heart surgery, and that plaintiff failed to mitigate his damages. Under Washington law, "invitees have a right to assume that it is safe to walk or stand in aisles for the purpose of selecting prospective purchases," and "a customer in a modern self-service outlet is under no duty to see potential danger in his or her path since contemporary mass marketing techniques divert the shopper's attention." Pimentel v. Roundup Co., 32 Wn. App. 647, 653 (1982) (citations and footnote omitted). Defendant offers no evidence in support of its assertion that Mr. Papadopoulos had a duty to notice the uneven flooring or that he breached any applicable duty of care through inattentiveness.

Nor has defendant provided any evidence to support its assertion that plaintiff was negligent or acting against medical advice by pushing a shopping cart on June 19, 2003. Dr. Nieto encouraged Mr. Papadopoulos to walk at least a mile a day and to avoid lifting, pushing, or pulling anything heavier than a loaf of bread or a pillow. The Court is left to speculate whether the forces necessary to push a shopping cart along a level surface exceed those involved in pushing a loaf of bread across a table. Such conjecture does not give rise to a genuine issue of material fact.

Finally, defendant's argument regarding a failure to mitigate is irrelevant to the comparative negligence analysis. If, as defendant maintains, Mr. Papadopoulos hindered his recovery by continuing to smoke after his injury, such facts may be weighed when calculating

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT                -5-

damages.  They do not, however, tend to show that plaintiff's negligence caused his fall on June 19, 2003.

(5) Defendant argues that it needs a continuance under Fed. R. Civ. P. 56(f) because it received copies of the photographs relied on by plaintiffs' photometric expert only four days before its opposition was due.  In light of the Court's denial of plaintiffs' motion for summary judgment regarding defendants' negligence, a continuance is not necessary.

For all of the foregoing reasons, plaintiffs' motion for summary judgment is GRANTED in part and DENIED in part.  Defendant has raised genuine issues of material fact regarding whether defendant should have realized that the uneven area of the floor tiles involved an unreasonable risk of harm to business invitees, whether defendant took reasonable steps to protect invitees from the danger posed by the uneven area, and whether defendant's negligence was the proximate cause of Mr. Papadopoulos' injury.  Plaintiffs are entitled to summary judgment regarding Mr. Papadopoulos' comparative negligence.

DATED this 17th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge