UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
THEOFANIS PAPADOPOULOS, *et al.*, )
) No. C04-0102RSL
               Plaintiffs, )
    v. )
) ORDER DENYING DEFENDANT'S
FRED MEYER STORES, INC., ) MOTION FOR SUMMARY
) JUDGMENT
               Defendant. )
_____)

       This matter comes before the Court on "Defendant Fred Meyer Stores' Motion for Summary Judgment." Dkt. # 44. Plaintiff Theofanis Papadopoulos tripped and fell while shopping at defendant's Everett store, sustaining injuries which required surgery, physical therapy, and other medical treatment. Defendant seeks a summary determination that defendant was not in any way negligent in maintaining its premises.

       Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

(quoting Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

    Having heard the arguments of counsel and taking the evidence presented in the light most favorable to plaintiffs, the Court finds as follows:

  (1) For the reasons stated in this Court's "Order Granting in Part Plaintiffs' Motion for Summary Judgment," of even date, the Court has not considered the declaration and report of Ms. Hollins in ruling on defendant's motion for summary judgment.

  (2) The legal duty owed by a landowner to a business invitee such as Mr. Papadopoulos is set forth in the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

See Iwai v. State of Wash., 129 Wn.2d 84, 93-94 (1996).  There is conflicting testimony regarding the nature of the condition found in Aisle 11 on June 19, 2003.  It is undisputed that

there was an uneven area of tile in the vicinity of Mr. Papadopoulos' fall.  Whether the uneven area was obvious and gave rise to an unreasonable risk of harm to business invitees is disputed, however:  an eye witness to the accident and the individual who repaired the tiles both stated that the rift was approximately 1 to 2 finger widths high, photographs taken from approximately five feet away show a distinct rough spot in Aisle 11, and plaintiffs' expert has calculated a depression of .47 inches within close proximity of a ridge of .48 inches.  Based on the record before the Court, plaintiffs have raised a genuine issue of fact whether defendant had actual or constructive knowledge of the uneven tile area, whether defendant should have realized that the uneven area involved an unreasonable risk of harm to business invitees, and whether defendant took reasonable steps to maintain its premises.

For all of the foregoing reasons, defendant's motion for summary judgment is DENIED.

DATED this 17th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT            -3-