UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
THEOFANIS PAPADOPOULOS, *et al.*,      )
                                       )   No. C04-0102RSL
                        Plaintiffs,    )
            v.                         )   ORDER GRANTING IN PART AND
                                       )   DENYING IN PART PLAINTIFFS'
FRED MEYER STORES, INC.,               )   MOTION IN LIMINE TO EXCLUDE
                                       )   LABOR AND INDUSTRY RECORDS
                        Defendant.     )   AND TO EXCLUDE COLLATERAL
                                       )   SOURCE PAYMENT EVIDENCE
_____)

This matter comes before the Court on "Plaintiffs' Motion in Limine to Exclude Labor and Industry Records and to Exclude Evidence of Collateral Source Payments" (Dkt. #75). In their motion, plaintiffs seek to exclude two types of evidence: (1) "evidence of any and all Labor and Industry ("L&I") claims and/or records with regard to Mr. Papadopoulos"; and (2) "any other collateral source benefits received by Mr. or Mrs. Papadopoulos in connection with this, or any prior, insurance claims." In response, defendant argues that the L&I records are admissible because they contain evidence of Mr. Papadopoulos' pre-incident medical condition, which is relevant in this case, and contain evidence related to his credibility. See Response at 1. Defendant also argues that the collateral source rule does not apply to evidence of plaintiff's medical condition stemming from previous incidents. See Response at 4. For the reasons set forth below, the Court grants plaintiffs' motion in part.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION IN LIMINE

### A. Labor and Industry claims and records

Plaintiffs argue that L&I's records pertaining to Mr. Papadopoulos should be excluded at trial because: (1) they are not relevant under Fed. R. Evid. 401 and 402; (2) their probative value is substantially outweighed by the risk of unfair prejudice under Fed. R. Evid. 403; (3) they are inadmissible by statute under RCW 51.24.100 and RCW 51.28.070; and (4) they contain inadmissible hearsay. These arguments are discussed, in turn, below.

First, plaintiff Theofanis Papadopoulos' L&I records contain information regarding his pre-June 19, 2003 medical condition. See Dkt. #98. Plaintiff's medical condition is relevant to both his pre-injury condition and his earning capacity at issue in this case. The records also contain information that may be relevant to plaintiff's credibility. Therefore, the Court finds that the records contain relevant information.

Second, the L&I records' probative value is not substantially outweighed by danger of unfair prejudice under Fed. R. Evid. 403 because the records contain substantial information regarding plaintiff Theofanis Papadopoulos' medical condition.

Third, the L&I records are not excluded by statute. RCW 51.24.100 states: "The fact that the injured worker or beneficiary is entitled to compensation under this title shall not be pleaded or admissible in evidence in any third party action under this chapter." Plaintiffs' claim in this case, however, is not a "third party action" under RCW chapter 51.24. See RCW 51.24.300. Therefore, plaintiff Theofanis Papadopoulos' L&I records are not excluded by RCW 51.24.100. Plaintiff's L&I records are also not excluded as a matter of law by RCW 51.28.070, which states, in part:

> Information contained in the claim files and records of injured workers, under the provisions of this title, shall be deemed confidential and shall not be open to public inspection (other than to public employees in the performance of their official duties), but representatives of a claimant, be it an individual or organization, may review a claim file or receive specific information therefrom upon the presentation of the signed authorization of the claimant.

Plaintiffs argue that this section creates a "rule of evidence" under two Washington cases: Folden v. Robinson, 58 Wn.2d 760 (1961) and Mebust v. Mayco Mfg. Co., 8 Wn. App. 359 (1973). See Reply at 3. Washington courts, however, have not held that RCW 51.28.070 creates a rule of evidence at trial. The Mebust court stated, "[W]e agree that if RCW 50.12.110 establishes a 'rule of evidence' which makes a personal injury plaintiff's employment security file inadmissible at trial, RCW 51.28.070 likewise establishes a similar rule for a personal injury plaintiff's industrial insurance file." Mebust, 8 Wn. App. at 362 (emphasis in original). This language, however, is pure dictum as expressed in the next line of the opinion, which states: "[b]ut the question we review does not involve a 'rule of evidence.'" Id. Therefore, the Court concludes that plaintiff's L&I records are not excluded at trial as a matter of law under RCW 51.28.070.

Finally, plaintiffs argue that the L&I records should be excluded because they contain inadmissible hearsay. Plaintiffs, however, have not set forth specific L&I records they seek to exclude as containing inadmissible hearsay. See Reply at 8. Plaintiffs simply conclude the records "would be offered in evidence only to prove the truth of the matter asserted." See Reply at 8. Until the Court hears what evidence is being offered "to prove the truth of the matter asserted," the Court cannot exclude all the L&I records as containing inadmissible hearsay. See Fed. R. Evid. 801.

For all the foregoing reasons, plaintiffs' motion to exclude "any and all Labor and Industry claims and/or records with regards to Mr. Papadopoulos" is DENIED in part and RESERVED in part. Plaintiffs' hearsay objections are RESERVED for trial.

**B.   Collateral source benefits**

Plaintiffs also move to exclude plaintiffs' collateral source benefits from the June 19, 2003 incident and any prior insurance claims. See Motion at 1. Defendant's only argument in opposition is that the "rule applies where a plaintiff receives benefits from another source for the

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION IN LIMINE            -3-

1 injury caused by the tortfeasor" and does not apply to exclude "evidence of plaintiff's prior
2 medical condition stemming from [an] incident unrelated to the incident that gives rise to the
3 present case." See Response at 4.

4 In Washington, "the very essence of the collateral source rule requires exclusion of
5 evidence of <u>other money received</u> by the claimant so the fact finder will not infer the claimant is
6 receiving a windfall and nullify the defendant's responsibility." <u>Cox v. Spangler</u>, 141 Wn.2d
7 431, 440 (2000) (emphasis added) (citing <u>Johnson v. Weyerhaeuser</u>, 134 Wn.2d 795, 803
8 (1998)). "Thus, even when it is otherwise relevant, proof of such collateral payments is usually
9 excluded, lest it be improperly used by the jury to reduce the plaintiff's damage award. . . . In
10 this respect, courts generally follow a policy of strict exclusion." <u>Id.</u>

11 In this case, if the Court admits evidence of payments from prior incidents, there is a
12 substantial risk that the jury will improperly reduce plaintiffs' damage award, if any.
13 Accordingly, the Court excludes evidence of other money or benefits received by plaintiffs,
14 whether related to the June 13, 2003 incident or L&I claims. Relevant evidence about plaintiff
15 Theofanis Papadopoulos' medical condition, however, is not excluded by this ruling.

16 For all of the foregoing reasons, "Plaintiffs' Motion in Limine to Exclude Labor and
17 Industry Records and to Exclude Evidence of Collateral Source Payments" (Dkt. #75) is
18 GRANTED in part, DENIED in part, and RESERVED in part.

19
20      DATED this 8th day of November, 2006.

21
22                                    /s/ Robert S. Lasnik
                                      Robert S. Lasnik
23                                    United States District Judge

24
25
26

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION IN LIMINE        -4-