UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
THEOFANIS PAPADOPOULOS, *et al.*,   )
                                    )      No. C04-0102RSL
                 Plaintiffs,        )
                                    )
        v.                          )
                                    )      ORDER GRANTING IN PART AND
FRED MEYER STORES, INC.,            )      DENYING IN PART PLAINTIFFS'
                                    )      "CATCH ALL" MOTION IN LIMINE
                 Defendant.         )
_____ )

        This matter comes before the Court on "Plaintiffs' 'Catch All' Motion in Limine " (Dkt.
#78).  In their motion, plaintiffs present nine separate issues for the Court's consideration.
Having reviewed the memoranda submitted by the parties, the Court finds as follows:

        **A.      Reference to lottery**

        Plaintiffs move to exclude any reference by defendant to the lottery or games of chance
as irrelevant under Fed. R. Evid. 402 and unfairly prejudicial under Fed. R. Evid. 403.  This
motion is unopposed.  See Response (Dkt. #90).  Accordingly, plaintiffs' motion is GRANTED
and defendant is precluded from presenting any reference to the lottery or games of chance at
trial.

        **B.      Reference to plaintiffs' demands or arguments**

        Plaintiffs move to exclude "any reference during voir dire, opening statement, or any

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' "CATCH ALL" MOTION IN LIMINE

1   other time, regarding a specific or approximate amount of money that defense counsel

2   anticipates plaintiffs will demand during closing argument."  This motion is unopposed and is

3   GRANTED.  <u>See</u> Response (Dkt. #90).

4        **C.    Settlement negotiations**

5        Plaintiffs move to exclude under Fed. R. Evid. 408 any reference of settlement

6   negotiations or conduct or statements during settlement negotiations.  This motion is unopposed.

7   <u>See</u> Response (Dkt. #90).  Plaintiffs' motion is GRANTED with the qualification this evidence

8   will not be excluded if it is offered for another purpose under Rule 408.

9        **D.    Collateral sources of benefits**

10        Plaintiffs move to exclude "any reference or evidence of any collateral source benefits

11   received by Mr. Papadopoulos" and "any reference to any collateral source benefit [Mrs.

12   Papadopoulos" received as a result of her [motorcycle accident]."  Defendant does not oppose

13   the exclusion of evidence concerning any source of payments plaintiffs may have received for

14   the alleged June 19, 2003 injury to Mr. Papadopoulos.  <u>See</u> Response at 3.  Defendant also does

15   not oppose the exclusion of any <u>amounts</u> of any collateral source benefits plaintiffs may have

16   received.  <u>Id.</u>  Accordingly, the Court GRANTS plaintiffs' motion to the extent that defendant is

17   precluded from presenting at trial evidence of the <u>amount</u> of any collateral source benefits or any

18   benefits received by plaintiffs for the June 19, 2003 incident.  <u>See</u> <u>Cox v. Spangler</u>, 141 Wn.2d

19   431, 440 (2000) ("[T]he very essence of the collateral source rule requires exclusion of evidence

20   of <u>other money received</u> by the claimant so the fact finder will not infer the claimant is receiving

21   a windfall and nullify the defendant's responsibility.") (citing <u>Johnson v. Weyerhaeuser Co.</u>, 134

22   Wn.2d 795, 803 (1998) (emphasis added).

23        Mr. Papadopoulos' pre-June 19, 2003 medical condition is relevant in this case because it

24   bears on the issue of his earning capacity both before and after the incident.  Accordingly, the

25   exclusion of collateral source benefit evidence is limited to evidence relating to "other money

26   ORDER GRANTING IN PART AND DENYING IN PART
     PLAINTIFFS' "CATCH ALL" MOTION IN LIMINE

received." By this ruling, defendant is not precluded from presenting relevant evidence about plaintiff Mr. Papadopoulos' medical condition where it does not include reference to the amount of benefit payments received by the plaintiffs.

### E.     Social security benefits and state welfare benefits

Plaintiffs move to exclude "[e]vidence of any social security or state welfare benefits received by either Mr. or Mrs. Papadopoulos before or after this incident." See Motion at 4. Defendant opposes plaintiffs' motion because it claims that Washington Department of Social and Health Services ("DSHS") records contain relevant evidence concerning Mr. Papadopoulos' pre-June 19, 2004 medical condition and earning capacity. See Response at 2.

Plaintiffs' motion is GRANTED to exclude evidence relating to the amount of plaintiffs' Social Security benefits and state welfare benefits. See Cox, 141 Wn.2d at 440; Fed. R. Evid. 403. Mr. Papadopoulos' pre-June 19, 2003 medical condition is relevant in this case because it bears on the issue of his earning capacity both before and after the incident. Therefore, by this ruling, defendant is not precluded from presenting relevant evidence about Mr. Papadopoulos' medical condition where it does not include reference to Social Security or state welfare benefit payments received by the plaintiffs.

### F.     Reference to the effect or results of a claim, suit, or judgment upon insurance rates, premiums, or store charges to other customers

Plaintiffs move to exclude "any mention, comment, question, argument, or other reference whatsoever made to the effect or results of a claim, suit or judgment upon the insurance rates, premiums, or defendant's charges to other customers." See Motion at 5. This motion is unopposed by defendant.

Plaintiffs' motion is GRANTED. The Court excludes any argument or colloquy at trial pertaining to how a jury verdict may affect insurance premiums because the probative value of this information is substantially outweighed by danger of unfair prejudice under Fed. R. Evid.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' "CATCH ALL" MOTION IN LIMINE

1    403 and is not relevant under Fed. R. Evid. 401.

2        **G.    References to plaintiffs' post-judgment lifestyle**

3        Plaintiffs move to exclude any references to lifestyle changes the plaintiffs plan to make

4    if they receive an affirmative jury verdict.  <u>See</u> Motion at 5.  Defendant does not oppose this

5    motion.  Plaintiffs' motion is GRANTED and the Court excludes as not relevant under Fed. R.

6    Evid. 401 any references at trial to plaintiffs' post-judgment lifestyle.

7        **H.    Reference to motions in limine**

8        Plaintiffs move to exclude any reference to motions in limine or the Court's ruling on the

9    motions.  <u>See</u> Motion at 5.  This motion is unopposed by defendant.  Plaintiffs' motion is

10   GRANTED and the Court excludes any party from referencing a motion in limine or the Court's

11   ruling on any motion in limine.

12       **I.    Reference to absence of other accidents**

13       Relying on <u>Tanguma v. Yakima County</u>, 18 Wn. App. 555 (1977), plaintiffs move to

14   exclude the absence of prior accidents involving the floor tile at issue in this case.  <u>See</u> Motion

15   at 6.  Defendant opposes the motion arguing that the absence of prior accidents is relevant

16   evidence and is not excluded by Washington law.  <u>See</u> Response at 3-5.

17        Contrary to plaintiffs' assertion, evidence of the absence of prior accidents is admissible

18   under Washington law.  The <u>Tanguma</u> case, cited by plaintiffs, holds "[t]he fact of, or absence

19   of, prior accidents may be weighed in determining whether the situation was inherently

20   dangerous, but it is only one element in the total equation – not the sine qua non of liability."

21   <u>Id.</u> at 563; <u>see also</u> <u>Ingersoll v. DeBartolo, Inc.</u>, 123 Wn.2d 649, 655 (1994) (holding that in the

22   premises liability context, "the historical experience of slip and fall accidents prior to this event"

23   is relevant to the issue of notice).

24       Furthermore, the Court finds that evidence of a lack of prior accidents involving the floor

25   tile is relevant and the probative value of this type of evidence is not substantially outweighed by

26   ORDER GRANTING IN PART AND DENYING IN PART
     PLAINTIFFS' "CATCH ALL" MOTION IN LIMINE

1   danger of unfair prejudice to plaintiffs under Fed. R. Evid. 403.  For these reasons, plaintiffs'

2   motion to exclude evidence of the absence of prior accidents is DENIED.

3        For all of the foregoing reasons, "Plaintiffs' 'Catch All' Motion in Limine " (Dkt. #78) is

4   GRANTED in part and DENIED in part.

5        DATED this 8th day of November, 2006.

6

7

8   _Robert S. Lasnik_ (signature)

9   Robert S. Lasnik
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' "CATCH ALL" MOTION IN LIMINE          -5-