UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
THEOFANIS PAPADOPOULOS, *et al.*,   )
                                    )   No. C04-0102RSL
                    Plaintiffs,     )
       v.                           )
                                    )   ORDER GRANTING IN PART AND
FRED MEYER STORES, INC.,            )   DENYING IN PART DEFENDANT'S
                                    )   THIRD MOTION IN LIMINE
                    Defendant.      )
_____)

This matter comes before the Court on "Defendant Fred Meyer Stores' Third Motion in Limine " (Dkt. #83). In its motion, defendant presents nine separate issues for the Court's consideration. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

**A.   Renee Shurn Declaration**

Defendant moves to exclude the declaration of Renee Shurn as containing impermissible hearsay under Fed. R. Evid. 802. See Motion at 2. Ms. Shurn is deceased and was not deposed in this case. Id. It is undisputed that Ms. Shurn's declaration contains hearsay. Id.; Response at 7 ("[T]he Court should admit the hearsay statement."). Plaintiff argues, however, that the declaration should be admitted under Fed. R. Evid. 807's residual hearsay exception.

Federal Rule of Evidence 807 provides that a statement not covered by Rules 803 or 804

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S THIRD MOTION IN LIMINE

is not excluded if, among other things, it has "equivalent circumstantial guarantees of trustworthiness." Here, the declaration does not have circumstantial guarantees of trustworthiness. First, the declaration was prepared by, and notarized by Brian Jorgensen, an investigator hired by plaintiffs' counsel. See Dkt. #84 (Exhibit 6). Mr. Jorgensen never met Ms. Shurn. But, she allegedly signed the declaration on April 30, 2004, and Mr. Jorgensen belatedly signed the attestation on November 15, 2004. Mr. Jorgensen later affixed his notary stamp to the document on January 20, 2006, six months after Ms. Shurn's death. See Motion at 3.

Additionally, Ms. Shurn's declaration should be excluded under Fed. R. Evid. 807 because "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement." Plaintiffs did not provide defendant with a copy of the declaration until January 2006 when it was used as a supporting declaration in their summary judgment motion. See Dkt. #37. By this time, Ms. Shurn was already deceased and therefore defendant did not have "a fair opportunity to prepare to meet it."

For all these reasons, defendant's motion to exclude Ms. Shurn declaration as inadmissible hearsay is GRANTED because the declaration does not fit within Fed. R. Evid. 807's residual exception.

**B.   Testimony of Mary Hollins**

The Court has already ruled that the testimony of Mary Hollins is excluded at trial. Therefore, defendant's motion to exclude the testimony of Mary Hollins is MOOT. See Dkt. #102.

**C.   Medical opinion testimony from Mr. Uslan and Mr. Beaton**

Defendant moves to exclude medical opinion testimony from plaintiffs' experts Donald Uslan and Randal Beaton. Federal Rule of Evidence 703 states:

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S THIRD MOTION IN LIMINE

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

The Court addressed the admissibility of Mr. Uslan's testimony in response to Defendant's First Motion in Limine. See "Order Denying Defendant's First Motion in Limine Regarding Earnings Loss." While an expert may rely on facts or data under Fed. R. Evid. 703, defendant's motion here is GRANTED to the extent that Mr. Beaton and Mr. Uslan will not be permitted to give their own medical opinion testimony at trial.

### D. Projection of future medical costs

Defendant moves to exclude plaintiffs' "projection of future medical costs" to be offered through plaintiffs' life care planner Karen Tobie-Schearer. Defendant argues that plaintiffs should not be allowed to present this evidence to the jury unless a medical expert substantiates the medical necessity of each item on the projection of costs. See Motion at 5. Whether plaintiff has substantiated the medical necessity cannot be determined until trial. Accordingly, defendant's motion in limine regarding "the projection of future medical costs" is RESERVED until trial.

### E. Lee DeChant's November 11, 2005 report and "base angle calculations"

On October 24, 2006 the Court entered a minute order scheduling a Daubert hearing on the admissibility of Mr. Lee DeChant's testimony. See Dkt. #113; Daubert v. Merrell Dow Pharms., Inc., 508 U.S. 579 (1993). Accordingly, all issues regarding the admissibility of Mr. DeChant's testimony are RESERVED until the November 21, 2006 Daubert hearing.

### F. Evidence of the parties' financial condition

Defendant moves to exclude evidence or argument regarding defendant's financial condition or assets and plaintiffs' financial condition. See Motion at 6. Plaintiffs do not oppose this motion.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S THIRD MOTION IN LIMINE

-3-

Accordingly, defendant's motion is GRANTED and evidence or argument regarding defendant's financial standing is excluded at trial. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) ("[T]he financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."). Similarly, evidence of plaintiffs' financial standing is inadmissible under Fed. R. Evid. 403.

### G. Evidence of subsequent remedial measures

Plaintiffs have produced photographs of the accident site taken by plaintiff Mrs. Papadopoulos shortly after the incident. See Motion at 6. Apparently, there is a yellow caution cone visible in several of these photographs. Id. Defendants move to exclude under Fed. R. Evid. 407 any testimony or argument from plaintiffs that the cone is evidence of negligence or a dangerous condition. Defendant also requests a limiting instruction on this issue. Plaintiffs do not oppose this motion.

Defendant's motion is GRANTED. Under Fed. R. Evid. 407, the Court excludes the yellow cone as evidence of a subsequent remedial measure to prove negligence, culpable conduct, or as a need for warning or instruction. The Court will instruct the jury accordingly under Fed. R. Evid. 105.

### H. Evidence of settlement offers

Defendant moves to exclude evidence concerning any offer of settlement in this case, including statements made in connection with mediation or settlement. See Motion at 7. Plaintiffs agree with this position. See Dkt. #78 at 3, ¶C. Accordingly, the Court GRANTS defendant's motion with the qualification that this evidence will not be excluded if it is offered for another purpose under Fed. R. Evid. 408.

### I. Evidence of liability insurance

Defendant moves to exclude any evidence regarding whether Fred Meyer has liability

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S THIRD MOTION IN LIMINE

1 | insurance. See Motion at 7.  Plaintiffs do not oppose this motion.
2 |  Defendant's motion is GRANTED.  Evidence of Fred Meyer's liability insurance is not
3 | admissible on the issue of whether Fred Meyer acted negligently or otherwise wrongfully.  See
4 | Fed. R. Evid. 411.  The court will consider the admissibility of this evidence at trial if it is
5 | offered for another purpose under Fed. R. Evid. 411.
6 |  For all of the foregoing reasons, "Defendant Fred Meyer Stores' Third Motion in Limine"
7 | (Dkt. #83) is GRANTED in part, DENIED in part, and RESERVED in part.

 DATED this 8th day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge