UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
THEOFANIS PAPADOPOULOS, *et al.*,       )
                                        )   No. C04-0102RSL
            Plaintiffs,                 )
      v.                                )
                                        )   ORDER DENYING DEFENDANT'S
FRED MEYER STORES, INC.,                )   FIRST MOTION IN LIMINE
                                        )   REGARDING EARNINGS LOSS
            Defendant.                  )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Defendant Fred Meyer Stores' First Motion in Limine Regarding Earnings Loss" (Dkt. #81). Defendant seeks to exclude, under Federal Rules of Evidence 702, 703, and 403, the testimony of plaintiffs' experts Donald Uslan and Robert Moss concerning plaintiffs' damages for past or future earnings. See Motion at 1. For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

**A.   Fed. R. Evid. 702**

Federal Rule of Evidence 702 states, in part, that an expert may testify if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

ORDER DENYING DEFENDANT'S
FIRST MOTION IN LIMINE

In its motion, defendant does not oppose the testimony of plaintiffs' experts based on the express language of Fed. R. Evid. 702.  Instead, defendant asserts that the expert testimony is inadmissible because it is based on "pure speculation and conjecture."  See Motion at 5.  Defendant primarily opposes the expert opinion of $50,580[1] as a projected annual salary for Mr. Papadopoulos.  Id. at 1 ("The opinions of Mr. Uslan and Mr. Moss are premised entirely on an assumption that plaintiff would have earned an annual salary of $50,580 working as a chef.").

A salary of just over 1½ times the amount of plaintiff Theofanis Papadopoulos' 1994 annual salary, however, does not rise to the level of "rampant speculation" in this case.  See Burlington N., Inc. v. Boxberger, 529 F.2d 284, 287 (9th Cir. 1975) ("We cannot agree with the appellant that the trial judge abused this discretion in admitting the expert's testimony.  His testimony clearly did not reach the level of . . . 'rampant speculation'").  See Dkt. #82 at Exhibit 3 (expressing plaintiff's 1994 income as $32,447).  There are a number of alleged facts from which to infer that Theofanis Papadopoulos' earnings would have increased above his pre-incident earnings, including that Mrs. Papadopoulos' leg injury would have necessitated his employment outside his wife's restaurant.  See Response at 5; see also Boyar v. Korean Air Lines Co., Ltd., 954 F. Supp. 4, 8 (D.D.C. 1996) ("While any evaluation of possible future events is, as the word is commonly used, 'speculation,' there are a number of facts from which to infer that [plaintiff's medical] practice would in fact incur the great prosperity predicted by [plaintiff's expert].").  The defects that defendant claims are embedded in plaintiffs' experts' assumptions raise issues of fact that are properly reserved for cross examination testimony presented to the jury.

Furthermore, the cases cited by defendant in support of excluding the expert testimony are distinguishable here.  Defendant cites Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 98 (3d

---

[1] The 50,580 annual salary is based on the monthly earning of $4,215 calculated by Mr. Uslan. See Dkt. #82 (Exhibit 5).

ORDER DENYING DEFENDANT'S
FIRST MOTION IN LIMINE                    -2-

Cir. 1983) for the proposition that evidence of lost earnings more than two times the amount of previous actual earnings should be excluded.  See Motion at 8; Reply at 3-4.  However, in Gumbs, the Third Circuit did not exclude the lost earnings testimony per se, but rather held that on remand the "testimony must be accompanied by sufficient factual foundation before it can be submitted to the jury."  Gumbs, 718 F.2d at 98.  Here, there are sufficient facts alleged to justify the presentation of both experts' testimony to the jury.

Defendant also attempts to harmonize the facts of this case with Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996), where the Second Circuit held that past and future lost earnings testimony was inadmissible as unrealistic and speculative.  However, the expert in Boucher opined that the plaintiff, with a work history of only seasonal and intermittent employment, would have been employed on a permanent, full-time basis if he had not been injured.  Id. at 22.  Here, with the exception of plaintiff's medical condition, which is a central issue in the case, plaintiff was consistently employed in the restaurant business.  See Response at 6.

In summary, the Court concludes that Mr. Uslan and Mr. Moss'[2] testimony is admissible under Fed. R. Evid. 702.  The Court also finds that Mr. Uslan and Mr. Moss have used reliable principles and methods to arrive at their calculations and have applied these principles and methods reliably to the facts of the case.  See Dkt. #82 (Exhibit 5 and 6).

**B.    Fed. R. Evid. 703**

Defendant moves to exclude testimony regarding damages for past or future earnings under Fed. R. Evid. 703.  Defendant, however, offers no explanation as to why the testimony should be excluded under this rule.  See Motion at 1, 9.  The Court finds that the facts or data

---

[2] Defendant does not object to the opinions of plaintiffs' economist Mr. Moss, which consist of present value calculations of Mr. Papadopoulos' earning potential based on Mr. Uslan's salary calculation.  See Dkt. #82 (Exhibit 6); Motion at 5.  Defendant's objection to Mr. Moss' testimony is based on his use of Mr. Uslan's salary calculations.  Therefore, the Court treats defendant's objection to Mr. Moss as duplicative of defendant's objection to Mr. Uslan's salary calculation.  Id.

forming the basis of Mr. Uslan and Mr. Moss' opinion are those reasonably relied upon by economists and vocational experts in forming opinions regarding a plaintiff's potential earning potential.  Therefore, plaintiffs' expert testimony is not inadmissible under Fed. R. Evid. 703.

### C. Fed. R. Evid. 403

Defendant also moves to exclude the expert testimony of Mr. Uslan and Mr. Moss under Fed. R. Evid. 403.  Defendant, offers no explanation as to why the testimony should be excluded under this rule, however.  See Motion at 1, 9.

The Court finds that the probative value of the opinions regarding plaintiff Theofanis Papadopoulos' potential earnings loss is not substantially outweighed by the risk of unfair prejudice.  The lost earnings testimony is pivotal for plaintiffs' damages case.

### III. CONCLUSION

For all of the foregoing reasons, "Defendant Fred Meyer Stores' First Motion in Limine Regarding Earnings Loss" (Dkt. #81) is DENIED.

DATED this 8th day of November, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
FIRST MOTION IN LIMINE           -4-