UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
THEOFANIS PAPADOPOULOS, *et al.*,   )
                                    )   No. C04-0102RSL
              Plaintiffs,           )
       v.                           )   ORDER DENYING DEFENDANT'S
                                    )   SECOND MOTION IN LIMINE AND
FRED MEYER STORES, INC.,            )   GRANTING SECTION "E" OF
                                    )   DEFENDANT'S THIRD MOTION IN
              Defendant.            )   LIMINE REGARDING LEE
                                    )   DECHANT
_____ )

## I. INTRODUCTION

This matter comes before the Court on "Defendant Fred Meyer Stores' Second Motion in Limine Regarding Lee DeChant" (Dkt. #85) and section "E" of "Defendant Fred Meyer Stores' Third Motion in Limine" (Dkt. #83 at 5-6). In its second motion in limine, defendant moves to exclude, under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the testimony of plaintiffs' expert Lee DeChant regarding the height of the alleged floor tile ridge in this case as unreliable. In section "E" of its third motion in limine, defendant moves to exclude Lee DeChant's testimony regarding the slope or "base angle" of the alleged floor tile ridge. The Court held a hearing on the motion on November 21, 2006 and heard testimony from plaintiffs' expert Lee DeChant and from defendant's expert Michael Mayda. See Dkt. #113. Before the

ORDER DENYING DEFENDANT'S
SECOND MOTION IN LIMINE AND
GRANTING SECTION "E" OF ITS THIRD
MOTION IN LIMINE

hearing, the parties submitted declarations from their experts summarizing the testimony that would be presented at trial. See Dkt. #122 (Mayda Declaration); Dkt. #124 (DeChant Declaration).  At the hearing, each party was given the opportunity to cross-examine the opposition's expert.  For the reasons set forth below, the Court denies defendant's second motion to exclude all of Mr. DeChant's testimony and grants section "E" of defendant's third motion in limine to exclude Mr. DeChant's testimony regarding the slope of the floor tile ridge.

## II. DISCUSSION

### A. Background

On June 19, 2003 plaintiff Theofanis Papadopoulos was pushing a shopping cart in the grocery section of a Fred Meyer store in Everett, Washington. See Dkt. #114 at 2.  Plaintiff claims that he fell and sustained injuries because he caught his foot on a floor tile that was elevated higher than the rest of the flooring (an alleged "ridge" in the floor tile). See Dkt. #14 at 2.  The height and slope of the "ridge" is an issue in the case because plaintiffs assert that the ridge was a hazardous and dangerous condition. Id.

Plaintiff Patricia Papadopoulos reportedly took photographs of the ridge shortly after the incident. See Dkt. #86 at 4.  Using Mrs. Papadopolous' photographs, plaintiffs' expert, Lee DeChant employed photogrammetry to opine that the height of the ridge in the floor was 0.485 inches and there was also a depression in the floor 0.467 inches deep. Id. at 15.  Defendant contends that Lee DeChant's testimony regarding these calculations is unreliable.

### B. Discussion

#### 1. Mr. DeChant's testimony regarding the height of the alleged floor tile ridge is admissible

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of

an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on science. <u>See</u> <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999). Mr. DeChant relies on the process of photogrammetry for his opinions. <u>See</u> Dkt. #124 at ¶14. Photogrammetry is defined as "the science of measurement from photographs." <u>See</u> <u>O.M.I. Corp. of Amer. v. Kelsh Instrument Co., Inc.</u>, 173 F. Supp. 445, 447 (D. Md. 1959) (citation omitted). The Supreme Court in <u>Daubert</u> outlined four factors used in determining whether expert testimony is reliable. These factors are:

> [1] "Whether a "theory or technique . . . can be (and has been) tested"; [2] Whether it "has been subjected to peer review and publication"; [3] Whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and [4] Whether the technique enjoys "general acceptance" within a "relevant scientific community."

<u>Kumho Tire Co.</u>, 526 U.S. at 149 (ellipsis in original) (citing <u>Daubert</u>, 509 U.S. at 592-94).

Based on these factors, the Court finds that Mr. DeChant's testimony regarding the height of the floor tile ridge is reliable. First, Mr. DeChant's photogrammetric measurements can be and have been tested. In his report, Mr. DeChant demonstrated that his measurement of a "9 Lives" cat food can was within three thousands of an inch of the can's actual size, and his measurement of a shelf extrusion was within six thousands of an inch of the shelf's actual size. <u>See</u> Dkt. #86 at Exhibit 8 & 9; Dkt. #124 at ¶¶ 22-24. Mr. DeChant also demonstrated at the hearing that his selection of ridge points could be reliably replicated. Second, the parties in this case do not dispute that close range photogrammetry has been subjected to peer review and publication. Third, there is not a high known or potential rate of error for Mr. DeChant's measurements. Although defendant claims that Mr. DeChant's measurement of some of the 12"

ORDER DENYING DEFENDANT'S
SECOND MOTION IN LIMINE AND
GRANTING SECTION "E" OF ITS THIRD
MOTION IN LIMINE                              -3-

x 12" floor tiles demonstrates a high error rate, as Mr. DeChant explained at the hearing, he was not attempting to mark the corners of all the floor tiles and these measurements were not used individually as reference measurements. See Dkt. #85; Dkt #89 ¶¶ 5, 8, and 9. Instead, Mr. DeChant used the numeric mean of 5 different floor tile vector distances and the Court finds these measurements are sufficiently reliable. See Dkt. #124 at ¶19. Additionally, as mentioned above, Mr. DeChant provided testimony regarding the reliability of his measurements through the cat food can and shelf extrusion examples. Finally, as Mr. Mayda acknowledged at the hearing, there is no dispute that close range photogrammetry enjoys general acceptance within the relevant scientific community. Courts in this Circuit have previously admitted testimony based on photogrammetry. See United States v. Quinn, 18 F.3d 1461, 1464-65 (9th Cir. 1994) (affirming district court's admission of an expert's opinion based on photogrammetry).

Mr. DeChant's testimony also satisfies Fed. R. Evid. 702's requirements because Mr. DeChant qualifies as an expert in close range photogrammetry and the testimony is reliable. Due to the resolution of the photographs used by Mr. DeChant, however, the Court does have some concern under Fed. R. Evid. 702(2) that "the testimony is based on sufficient facts or data." As a result, at trial the Court will give plaintiffs broad discretion to present testimony concerning the underlying facts and data Mr. DeChant used for his photogrammetric analysis, and defendant will be given broad discretion to contest the factual foundation of Mr. DeChant's testimony.

For these reasons, the Court finds Mr. DeChant's testimony regarding the height of the floor tile ridge is sufficiently reliable to allow its admission at trial.

**2.   Mr. DeChant's testimony regarding the slope, bevel or "base angle" is not admissible at trial**

In addition to opinion testimony concerning the height of the floor tile ridge, at trial plaintiffs intended to present testimony from Mr. DeChant concerning the slope, bevel or

ORDER DENYING DEFENDANT'S
SECOND MOTION IN LIMINE AND
GRANTING SECTION "E" OF ITS THIRD
MOTION IN LIMINE                -4-

"base angle" of the ridge. See Dkt. #124 at ¶29. This information, however, was not disclosed in Mr. DeChant's Fed. R. Civ. P. 26 expert report dated November 11, 2005. See Dkt. #86.

Federal Rule of Civil Procedure 26(a)(2)(B) states that an expert report "shall contain a complete statement of <u>all opinions</u> to be expressed and the basis and reasons therefor[.]" (emphasis added). The rule further provides: "the parties shall further supplement these disclosures when required under subdivision (e)(1)." Fed. R. Civ. P. 26(a)(2)(C). Mr. DeChant did not include any opinions regarding the slope of the ridge in his Rule 26(a)(2)(B) report and has not provided a supplemented expert disclosure. See Dkt. #95 at 9. It was plaintiffs' burden to produce a supplemented disclosure, not defendant's burden to ask for one. Accordingly, because plaintiffs have not complied with Fed. R. Civ. P. 26, the Court excludes Mr. DeChant's testimony at trial concerning the slope of the alleged floor tile ridge.

### III. CONCLUSION

For all of the foregoing reasons, "Defendant Fred Meyer Stores' Second Motion in Limine Regarding Lee DeChant" (Dkt. #85) is DENIED and section "E" of "Defendant Fred Meyer Stores' Third Motion in Limine" (Dkt. #83 at 5-6) is GRANTED. The Court will allow Mr. DeChant to testify at trial about the height of the alleged floor tile ridge, but will not allow him to testify about the slope, bevel, or "base angle" of the alleged floor tile ridge.

DATED this 22nd day of November, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge